IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
STATE OF MISSISSIPPI

THE ESTATE OF STEVEN GENE DAVENPORT;                                   **PLAINTIFFS**
AGNES WESTMORELAND, individually and
on behalf of all entitled to recover;
ROBERT GENE DAVENPORT, individually
and on behalf of all entitled to recover

VS.                                           CIVIL ACTION NO.  _16CV 142 (c)_

LAUDERDALE COUNTY, MISSISSIPPI;
AND JOHN DOES 1-10                                                    **DEFENDANTS**

---

## COMPLAINT
### THE PLAINTIFFS DEMAND A TRIAL BY JURY

---

COMES NOW, the Plaintiffs in the above styled and numbered civil action, who by and through counsel of record, J. Matthew Eichelberger, file this Complaint against the aforementioned Defendants.  In support of the same, the Plaintiffs state, aver and give notice of the following:

<u>PARTIES</u>

1.      Steven Gene Davenport, deceased, died at the hands of the Defendants listed below.  The Estate of Steven Gene Davenport is the properly-instituted legal entity representing Mr. Davenport's estate, of which Agnes Westmoreland has been named Administratrix (See Exhibit 1).  The Estate is a Plaintiff to this action.

2.      Plaintiff Agnes Westmoreland, the natural mother of the decedent, is an adult resident citizen of Mississippi and a wrongful death beneficiary. She is a party individually and also represents all persons entitled to recover for the wrongful death of Steven Gene Davenport.

**EXHIBIT**
**"A"**

I, Donna Jill Johnson, Circuit Clerk of Lauderdale County do hereby certify this is a true and correct copy of Court file 16-CV-142(c) filed in this office. This the 18th day of Nov, 20 16. DONNA JILL JOHNSON, Circuit Clerk By Donna Poole D.C.

3.      Plaintiff Robert Gene Davenport, the natural father of the decedent, is an adult resident citizen of Mississippi and a wrongful death beneficiary. He is a party individually and also represents all persons entitled to recover for the wrongful death of Steven Gene Davenport.

4.      Defendant Lauderdale County, Mississippi, is a political subdivision of the State of Mississippi, and may be served through Ms. Carolyn Mooney, the Chancery Clerk of Lauderdale County, Mississippi, at the Lauderdale County Courthouse, 500 Constitution Ave, 1st Floor, Meridian, Mississippi 39201.

5.      Defendants John Does 1-10, whose identities are unknown to the Plaintiffs at this time, are upon information and belief deputies of the Lauderdale County Sheriff's Department, and/or persons employed by Lauderdale County in a law enforcement or law enforcement support capacity, and/or individuals who participated in the events that led to Mr. Davenport's death. All allegations and claims asserted herein against the named Defendant are incorporated herein by reference against John Does 1-10.  Said John Does 1-10, when their identities become known, will be identified by name and joined in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

6.      When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Complaint.

### STATEMENT OF FACTS

7.      On April 21, 2015, four or more Lauderdale County Sheriff's Deputies, who are John Doe Defendants herein, responded to a call at 3909 Old Highway 19 SE, Meridian, Lauderdale County, Mississippi.

8.      When these Defendants arrived at that location, they engaged in an altercation with Mr. Steven Gene Davenport.  During that altercation, they severely beat Mr. Davenport,

placed him in hand and leg restraints, and delivered electrical shocks to his body via the use of one or more conducted electrical weapons that had been provided to them by Defendant Lauderdale County.

9.     As a result of the foregoing, Mr. Davenport became unresponsive, and emergency medical personnel responded to the scene.  Upon their arrival, emergency medical personnel made efforts to locate a pulse on Mr. Davenport and to revive him, but ultimately were unsuccessful due to the aforementioned acts of the Defendants.

10.     Mr. Davenport suffered from emotional and mental health disorders, a fact known to Defendants before April 21, 2015 due to a prior commitment proceeding and evident from Mr. Davenport's demeanor during the time in question. Specifically, Mr. Davenport had been diagnosed with Bipolar I Disorder with psychotic features. Despite this, the John Doe Defendants mercilessly beat and electrocuted Mr. Davenport until he died.

11.     At all times relevant hereto, Defendant Lauderdale County was the employer, master, and/or supervisor of the unnamed Defendants involved in the subject incident as described more fully below and is liable for their actions under the doctrine of *respondeat superior*. Additionally, Defendant Lauderdale County is liable for violations of Mr. Davenport's constitutional rights pursuant to 42 U.S.C. § 1983, et seq., and for violating Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132, by not accommodating Mr. Davenport's disability during his arrest nor putting in place training and policies to accommodate individuals with mental disabilities.

12.     All deadlines relative to Miss. Code Ann. § 11-46-11 et seq. have been met and the filing of this claim is proper. On or about April 19, 2016, the undersigned counsel provided written notice of this claim to the Defendants pursuant to Miss. Code Ann. § 11-46-11 (Please

see Exhibit 2). The notice of claim was timely served upon Carolyn Mooney, Chancery Clerk of Lauderdale County, Mississippi and William D. "Billy" Sollie, Sheriff of Lauderdale County, Mississippi.

JURISDICTION

13.    Jurisdiction and venue are proper in this Court.  The causes of action alleged herein arise out of actions and/or omissions which occurred and/or accrued, in whole or in part, in Lauderdale County, Mississippi.

VENUE

14.    Venue is proper in this jurisdiction and district pursuant to Miss. Code Ann. § 11-46-11 because all or part of the real and immediate harm sustained by the Plaintiffs occurred in this judicial district and division.

COUNT I

FAILURE TO ADEQUATELY TRAIN & SUPERVISE LAW ENFORCEMENT OFFICERS –
EXCESSIVE FORCE/USE OF WEAPONS

15.    The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

16.    Defendant Lauderdale County is tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs to ensure its law enforcement officers are properly trained and supervised. Defendant Lauderdale County failed to provide adequate and competent training and/or supervision to its law enforcement officers, particularly with regard to the use of force and use of tasers on or before the date in question.

17.    As a direct and proximate cause of Defendant Lauderdale County's failure to properly develop, implement and otherwise devise a policy of adequate police training and or

4

supervision for its law enforcement officers, Mr. Davenport suffered injury and death. If properly trained, supervised and disciplined, every officer within the employ of Lauderdale County would have known it was illegal to use their power and authority in the manner they did on the date in question and the damages suffered by the Plaintiffs would have been avoided.

18.     Defendant Lauderdale County's failure to provide adequate warning, reprimanding, training and supervision of its law enforcement officers was so grossly negligent that it amounted to deliberate and blatant disregard for the rights, privileges and immunities of Mr. Davenport and any other person or persons similarly situated. Thus, because of the failure to adequately train and supervise the John Doe Defendants, Lauderdale County is liable to the Plaintiffs for the damages requested herein.

## COUNT II

### FAILURE TO ADEQUATELY TRAIN & SUPERVISE LAW ENFORCEMENT OFFICERS AND IMPLIMENT NONDISCRIMINATORY POLICIES AND PROCEDURES – AMERICANS WITH DISABILITIES ACT OF 1990

19.     The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

20.     Mr. Davenport suffered from mental and emotional difficulties which made him a qualified individual with a disability for purposes of the Americans with Disabilities Act of 1990 (ADA).

21.     Defendant Lauderdale County is a public entity for purposes of Title II of the Americans with Disabilities Act of 1990. Defendant Lauderdale County is therefore tasked with the non-delegable duty and responsibility to make reasonable modifications to its law enforcement training practices and law enforcement policies when necessary to avoid

5

discrimination against individuals with disabilities, unless those modifications would alter the nature of its law enforcement services, programs, or activities.

22.     Defendant Lauderdale County failed to implement nondiscriminatory policies and practices, and failed to provide adequate and competent training and/or supervision to its law enforcement officers, particularly with regard to maintaining peaceful encounters with people who experience mental disabilities.  As a result, Lauderdale County failed to make reasonable accommodations for individuals such as Mr. Davenport who suffer from mental disabilities.

23.     As a direct and proximate cause of Defendant Lauderdale County's failure to make reasonable accommodations, Mr. Davenport suffered injury and death. If properly trained, supervised, disciplined, and if guided by proper policies, the John Doe Defendants would have known how to effectively interact and communicate with individuals suffering from mental disabilities, and the damages suffered by the Plaintiffs would have been avoided.

24.     Defendant Lauderdale County's failure to provide adequate warning, reprimanding, training and supervision of its law enforcement officers, and its failure to implement proper policies for engaging citizens with mental disabilities, was intentional, negligent, or so grossly negligent that it amounted to deliberate and blatant disregard for the rights, privileges and immunities of Mr. Davenport and any other person or persons similarly situated. Thus, because of the failure to adequately train and supervise the John Doe Defendants, relief against Lauderdale County as requested by the Plaintiffs below should be granted.

<u>COUNT III</u>

NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

25.     The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

26.     Defendant Lauderdale County was vested with the authority to hire, fire, transfer and discipline its law enforcement employees.

27.     On information and belief, prior to the April 21, 2015, events, individuals complained and reported the illegal acts of Lauderdale County Sheriff's Deputies to the Lauderdale County Sheriff's Department for incidents of taser usage and excessive use of force. The decision by the Defendant Lauderdale County to hire, retain and not discipline Lauderdale County law enforcement officers resulted in the creation of an edict, act or hostile environment that allowed for Lauderdale County law enforcement officers to take the law into their own hands and left excessive opportunity for the abuse of their power over the citizens of Lauderdale County, Mississippi.  Lauderdale County law enforcement officers believed they were above the law and could get away with blatant disregard for human life through the improper use of a taser to subdue citizens. Because of that belief, Defendants utilized excessive force against Mr. Davenport, killing him. As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take necessary corrective immediate action regarding Lauderdale County law enforcement officers, Lauderdale County is liable to the Plaintiffs for the damages requested herein.

## COUNT IV

### BATTERY

28.     The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

29.     On or about April 21, 2015, the John Doe Defendants inflicted offensive contact to Mr. Davenport's person.  The offensive contact was intended to harm Mr. Davenport and/or unnecessarily inflict suffering and distress upon his body.

7

30.    As a direct and proximate consequence of the battery that the Defendants inflicted upon the person of Mr. Davenport, he suffered injury and died.  At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well-being of Mr. Davenport.  Thus the Plaintiffs are entitled to a monetary judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the battery and death of Mr. Davenport.

## COUNT V

## ASSAULT

31.    The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

32.    The events that give rise to this action created in Mr. Davenport a reasonable apprehension that the Defendants, acting independently and in concert with one another, were going to cause him to suffer or sustain immediate harmful or offensive contact to his person.  At all times material to this assault cause of action, Mr. Davenport was alive, conscious and fearful of his life. The Defendants acted with reckless disregard for the safety and well-being of Mr. Davenport by beating and electrocuting him without justification.

33.    As a direct and proximate consequence of the conduct of the Defendants, the Defendants are jointly and severally liable to the Plaintiffs for the assault perpetrated upon Mr. Davenport.  At all times material to this Complaint, the Defendants acted with wanton, willful, and/or reckless disregard for the safety and well-being of Mr. Davenport.  Thus the Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or

otherwise facilitated through their acts of omission or commission the illegal assault that was inflicted upon Mr. Davenport.

## COUNT VI

## CIVIL CONSPIRACY

34.     The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

35.     On the date in question, the Defendants, acting in concert with one another, entered into an agreement, expressly or by implications, through their participation in or condoning of the assault, battery and other actions complained of by Plaintiffs, to engage in conduct that was wrongful, intentional, willful and wanton and designed to inflict upon Mr. Davenport certain harm, suffering, pain, and death. The Defendants' agreement to engage in or allow persons under their supervision and control to engage in such conduct was illegal and amounted to a civil conspiracy against Mr. Davenport.

36.     As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for the civil conspiracy to engage in conduct they knew or reasonably knew should have known was against the law and public policy of this State when the same manifested itself against the interests of Mr. Davenport. At all times material to this Complaint, the Defendants acted with wanton, willful, and/or reckless disregard for the safety and well-being of Mr. Davenport. Thus the Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission this civil conspiracy against the deceased.

## COUNT VII

### THE COMMON LAW TORT OF OUTRAGE

37.     The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

38.     The Defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal conscious of the community.  This outrageous conduct resulted in the death of Mr. Davenport.  The manner, method and design of the Defendants' conduct amounted to a cold, callous and premeditated abuse of legal authority.

39.     As a direct and proximate consequence of the conduct of the aforementioned Defendants, the Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct as the same resulted in the death of Mr. Davenport.  At all times material to this Complaint, the Defendants acted with wanton, willful, and/or reckless disregard for the safety and well-being of Mr. Davenport.  The Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward Mr. Davenport.

## COUNT VIII

### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTION DISTRESS

40.     The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

41.     The Defendants' conduct was designed not only to inflict physical pain, suffering, and death upon Mr. Davenport, but also to inflict emotional and mental anguish and distress upon Mr. Davenport and his survivors. The manner, method and design of the Defendants' conduct caused the Plaintiffs to endure emotional and mental distress and anguish during the

event in question and on to this present day and into the future.  To the extent the Defendants' actions were negligent and not intentional, they had the reasonably foreseeable effect of inflicting said emotional and mental distress and anguish upon the Plaintiffs.

42.   As a direct and proximate consequence of the outrageous conduct of the Defendants, the Defendants are jointly and severally liable to the Plaintiffs for the negligent and intentional infliction of emotional distress and mental anguish inflicted on the Plaintiffs.  At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well-being of Mr. Davenport, and the Plaintiffs are entitled to a money judgment against the Defendants for the same.

## COUNT IX

### FALSE ARREST / FALSE IMPRISONMENT

43.   The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

44.   The Defendants detainment and further acts against Mr. Davenport were without probable cause and caused Mr. Davenport to be confined and contained against his will and without opportunity to fend against the actions of Defendants to continue to use tasers upon him. That the initial arrest was false and the action of public handcuffing and detention caused shame, humiliation, embarrassment and conscious pain and suffering.

45.   As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for such false arrest as the same resulted in damaging Mr. Davenport.  At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well-being of Mr. Davenport.  The Plaintiffs are entitled to a money judgment

against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such false arrest or imprisonment toward Mr. Davenport.

<u>COUNT X</u>

WRONGFUL DEATH

46.     Due to Defendants' negligence, gross negligence, and intentional acts in causing the death of Mr. Davenport, the wrongful death beneficiaries are entitled to all damages allowed under Mississippi's wrongful death statute, Miss. Code Ann. § 11-7-13.  Mr. Davenport's estate is entitled to be reimbursed sums expended for funeral and related expenses.

47.     Defendant's grossly negligent and intentional behavior entitle the Plaintiffs to an award of punitive damages.

48.     At the time of his death, Mr. Davenport was just forty-three years old and in good health aside from his mental disorder. He had a normal life expectancy and work-life expectancy.

49.     Damages include, but are not limited to, the loss of Steven Gene Davenport's society, love, and companionship, and the loss of the support and earnings that Davenport reasonably expected to receive during his life.

50.     Agnes Westmoreland, the deceased's mother, has suffered mental pain, suffering, grief, and anguish as a result of the unnecessary loss of her son and should be compensated for the personally-destructive effects of his tragic death.

51.     Robert Gene Davenport, the deceased's mother, has suffered mental pain, suffering, grief, and anguish as a result of the unnecessary loss of his son and should be compensated for the personally-destructive effects of his tragic death.

## COUNT XI

### ACTION FOR DEPREVATION OF CIVIL RIGHTS
### (42 U.S.C. SECTION 1983)

52.     The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

53.     At all times material hereto, the Defendants were vested with State authority and the non-delegable responsibility and the duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under the color of state law, the Defendants implemented a policy, usage, plan or widespread practice or custom wherein the rights, privileges or immunities of Mr. Davenport were violated. Specifically, the Defendants, jointly and severally, were engaged in a course of conduct that resulted in the violation of the Plaintiff's rights under the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, including, but not limited to, the right to be free from unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States of America, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and the right against cruel and unusual punishment as set forth in the Eight Amendment of the Constitution of the United States of America.  The violations complained of in this Complaint include, but are not limited to, the use of excessive force, deprivation of identifiable civil rights, and the unnecessary and wanton infliction of pain and inhuman torture in light of the circumstances confronted by Mr. Davenport, all of which resulted in sufficiently serious deprivations wherein the Defendants acted maliciously and with wanton, willful, and/or reckless disregard for the Plaintiff's safety and well-being by using actions designed and intended to cause Mr. Davenport

13

physical, mental and emotional harm, pain and/or injury all of which caused or contributed to his death.

54.    As a direct and proximate consequence of the Defendants' actions, the Plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation, and the constitution and laws of the State of Mississippi. Specifically, the Plaintiff's Fifth and Fourteenth Amendment rights to procedural and substantive due process and to the equal protection of the laws were violated by the Defendants together with his Eighth Amendment rights proscribing cruel and unusual punishment resulting in death.

55.    At all times material hereto, the Defendants acted pursuant to the policies, regulations, and decisions officially and unofficially adopted or promulgated by those persons whose acts may fairly be said to represent the official policy of or were pursuant to a governmental custom, usage or widespread practice or custom of Lauderdale County.

56.    It is further averred that unknown supervisory officials of the Lauderdale County Sheriff's Department were the governmental officials whose edicts or acts may be fairly said to represent official policy, practices, customs or regulations of Lauderdale County. These officials developed, planned and implemented the policy, custom and/or usage that results in and led to the foreseeable use of police actions by the John Doe Defendants which caused the damages to and death of Mr. Davenport.

57.    The Fourth Amendment to the United States Constitution protects individuals from false arrest. In this instance there was no probable cause to detain, arrest, or subject the Plaintiff to a tasing/stun gun incident as described herein. The actions of the Defendants were outrageous, improper, illegal and unreasonable.

14

58.     Any detention of Mr. Davenport was at all times unlawful, and holding him down and placing him in restraints occurred without his consent.

59.     As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the decedent of certain rights guaranteed by the Constitution of the United States of America, Mr. Davenport suffered immediate and irreparable suffering to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing his death.   While being battered by the John Doe Defendants, Mr. Davenport experienced extreme pain, suffering, humiliation, fear for his life, mental distress, severe emotional anguish and finally death.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgment requiring the modification of Lauderdale County law enforcement training and practices to accommodate individuals with mental health disorders and granting damages for the following:

      a.   Permanent emotional injury;

      b.   Pain and suffering;

      c.   Economic damages;

      d.   Loss of enjoyment of life;

      e.   Wrongful death;

      f.   Past, present and future emotional distress and mental anguish;

      g.   Court costs;

      h.   Pre- and post-judgment interest;

i.    Attorney's fees pursuant to the ADA and 42 U.S.C. § 1988;

j.    Any and all out of pocket expenses;

k.    All other damages of every kind to the Plaintiffs to which they are entitled by law; and

l.    All damages shown by the evidence introduced in this case, including compensatory damages and punitive damages to deter Defendants from exhibiting, conducting and continuing to use such actions as described herein upon persons within Lauderdale County, particularly as to taser usage on citizens.

Respectfully submitted, this the _17th_ day of October, 2016.

By:    The ESTATE OF STEVEN
GENE DAVENPORT, by its Administratrix, Agnes
Westmoreland, and AGNES WESTMORELAND,
Individually and on behalf of all entitled to recover,
and ROBERT GENE DAVENPORT, Individually
and on behalf of all entitled to recover

J. Matthew Eichelberger, MS Bar No. 101060

Counsel for the Plaintiffs:

Mr. J. Matthew Eichelberger, MSB #101060
The Eichelberger Law Firm, PLLC
775 N. Congress St.
Jackson, MS 39202
Telephone: 601-292-7940
matt@ike-law.com

Mr. Bobby Moak, MSB #9915
Law Offices of Bobby Moak, P.C.
P.O. Box 2422
402 Monticello Street
Bogue Chitto, Mississippi 39629
Tel. (601) 734-2566
E-mail bobbymoak402@att.net

16

IN THE CHANCERY COURT OF LAUDERDALE COUNTY, MISSISSIPPI

IN THE ESTATE OF STEVEN GENE DAVENPORT, DECEASED

PETITIONER AGNES WESTMORELAND

CAUSE NO: 16-746-M

## ORDER FOR APPOINTMENT OF ADMINISTRATRIX, GRANTING LETTERS FOR ADMINISTRATION AN OPENING AN ESTATE

THIS DAY this cause came on to be heard on petition of AGNES WESTMORELAND, an adult resident citizen of Lauderdale County, Mississippi praying that Petitioner be appointed ADMINISTRATRIX of the Estate of the intestate decedent, and for Letters of Administration, and the Court having fully heard and considered the same on oral and documentary evidence and being fully advised in the premises, finds the following:

1.

That on the 21st day of April, 2015, STEVEN GENE DAVENPORT had a fixed place of residence in LAUDERDALE County, and was an adult resident citizen of LAUDERDALE County, Mississippi.

2.

Said decedent died intestate, so far as your Petitioner knows or believes after a diligent search and inquiry, and said decedent left property to be administered.

3.

Petitioner herein, AGNES WESTMORELAND of Meridian, Mississippi is the natural mother of the decedent. ROBERT GENE DAVENPORT is the natural father of the decedent, and he and the Petitioner are the only known heirs at law of the decedent.



EXHIBIT
1

4.

Petitioner herein AGNES WESTMORELAND is fully qualified to serve as Administratrix of the decedent's estate, being over the age of eighteen years, of sound mind, and not the convict of a felony, and hereby seeks such authority and appointment of the Court. Moreover, Petitioner is the most likely and most suitable individual to serve in said capacity. Petitioner, AGNES WESTMORELAND, is the individual most familiar with the decedent's business and affairs, and she being the persons preferred under § 91-7-63, Mississippi Code of 1972, as amended, for such appointment. Petitioner shall serve as Administratrix, and it is in the best interest of said estate that Petitioner is appointed Administratrix.

5.

AGNES WESTMORELAND has retained J. Matthew Eichelberger as attorney to represent the Estate in all matters.

6.

Petitioner is not required to give any bond whatsoever for the faithful performance of her duties and to waive first accounting of the estate.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Estate of STEVEN GENE DAVENPORT, deceased, be opened and that upon AGNES WESTMORELAND having taken the oath prescribed by law, is appointed by the Court as ADMINISTRATRIX of decedent's estate, and that Letters of Administration be issued to her, that first accounting be waived; and that she retain J. Matthew Eichelberger as attorney to represent the Estate.

IT IS FURTHER ORDERED AND ADJUDGED that bond for the ADMINISTRATRIX in

these proceedings is hereby waived.

SO ORDERED this the 26th day of _Sept_, 2016.

CHANCELLOR

PRESENTED BY:

J. Matthew Eichelberger
775 N. Congress St.
Jackson, MS 39202
(601) 292-7940
MS Bar #: 101060

Case: 38CH1:16-cv-00746-JM     Document #: 6     Filed: 09/20/2016     Page 1 of 1

IN THE CHANCERY COURT OF LAUDERDALE COUNTY, MISSISSIPPI

IN THE ESTATE OF STEVEN GENE DAVENPORT, DECEASED

PETITIONER AGNES WESTMORELAND

, CAUSE NO: 16-746-M

## OATH OF ADMINISTRATRIX

STATE OF MISSISSIPPI
COUNTY OF LAUDERDALE

     I, AGNES WESTMORELAND, do swear that STEVEN GENE DAVENPORT,

died without a valid Will as far as I know or believe; that I will well and truly administer

all the goods, chattels and credits of the Deceased, and pay all just and legal debts as far

as the goods, chattels, and credits of his Estate will extend, and the law requires me and

that I will in all fidelity administer the affairs of the Estate of STEVEN GENE

DAVENPORT, Deceased, as required by law. SO HELP ME GOD.

AGNES WESTMORELAND

     SWORN TO AND SUBSCRIBED before me, this the 20th day of Sept.

2016.

CAROLYN MOONEY, Chancery Clerk
NOTARY PUBLIC

My Commission Expires:
My Commission Expires 1st Monday January 2020



the
Eichelberger
Law Firm

April 19, 2016

**MISSISSIPPI TORT CLAIMS ACT NOTICE LETTER VIA CERTIFIED MAIL**

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Carolyn Mooney
Chancery Clerk of Lauderdale County
500 Constitution Ave, 1st Floor
Meridian, MS 39301

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
William D. "Billy" Sollie
Sheriff of Lauderdale County
2001 5th Street
Meridian, MS 39301

Re:     NOTICE OF CLAIM – MISS. CODE ANN. § 11-46-11
      Claimant:          Steven Davenport and his Heirs at Law
      Date of Incident:   April 21, 2015
      Location of Incident: 3909 Old Highway 19 SE, Meridian, Lauderdale County, MS

      COME NOW the heirs of Steven Gene Davenport, a single man with no issue, (hereinafter "*Davenport Heirs*") by and through their undersigned attorney, and serve this, their Notice of Claim pursuant to the provisions of the Mississippi Tort Claims Act, M.C.A. § 11-46-11, as amended.

**Governmental Entities Involved**

Notice is being sent certified mail to this public entities:

William D. "Billy" Sollie
Sheriff of Lauderdale County
2001 5th Street
Meridian, MS 39301



EXHIBIT
2

775 N. Congress Street ● Jackson MS 39202 ● Telephone: 601.292.7940 ● Facsimile: 60
www.ike-law.com

Carolyn Mooney
Chancery Clerk of Lauderdale County
500 Constitution Ave, 1st Floor
Meridian, MS 39301

## Statement of Facts

On April 21, 2015, four or more Lauderdale County Sheriff's Deputies responded to a
call at 3909 Old Highway 19 SE, Meridian, Lauderdale County, Mississippi.  When they arrived,
they engaged in an altercation with Mr. Steven Gene Davenport.  During that altercation, they
severely beat Mr. Davenport, placed him in hand and leg restraints, and delivered electrical
shocks to his body via the use of one or more conducted electrical weapons.  As a result of the
foregoing, Mr. Davenport became unresponsive, and emergency medical personnel responded to
the scene.  Upon their arrival, they made efforts to locate a pulse on Mr. Davenport and revive
him, but ultimately were unsuccessful due to the aforementioned acts of the Lauderdale County
Sheriff's Deputies.

## Time and Place Damages Occurred and Accrued

As noted above, Mr. Davenport was beaten and shocked to death on April 21, 2015, at
3909 Old Highway 19 SE, Meridian, Lauderdale County, Mississippi.  He was pronounced dead
shortly thereafter at Rush Foundation Hospital, 1314 19th Avenue, Meridian, Mississippi.

## Amount of Money Damages Sought

The Davenport Heirs, and Mr. Davenport prior to his demise, suffered damages,
including but not limited to, personal, medical, mental, economic, wrongful death, and future
damages as the result of negligence by all parties involved in the incident. The Davenport Heirs

should be permitted to recover for this wrongful conduct. They seek recovery in an amount of Five-Hundred Thousand Dollars ($500,000.00), or the aggregate limit of all applicable insurance policies, whichever is greater.

### Names of All Persons Known to Be Involved

1. Lauderdale County Sheriff William D. "Billy" Sollie

2. Employees of the Lauderdale County Sheriff who responded to the call to 3909 Old Hwy 19 SE, Meridian, Mississippi, on April 21, 2015, the full identity of which will be ascertained during discovery in the forthcoming Tort Claims Act and civil rights action

3. Regina Boland

4. Steve Boland, Jr.

5. Gerry White, EMT

6. Megan Edwards, Ambulance Driver

7. Dr. Jennifer Holden

8. Casey Nelson, RN

9. Casey Copeland, RN

10. Courtney Tullos, RN

11. Dr. Jeffrey Seale

12. Johnathan White, RN

13. Dr. Linus Martin

14. Matthew Copeland, RN

15. Dr. Patrick Kirkland

16. Dr. J. Brent Davis

17. Marl Clayton Cobler, III

18. Other individuals unknown at this time but whose identities will be uncovered through the course of discovery in the forthcoming Tort Claims Act and civil rights action

**Residence of The Persons Making The Claims**

1.      Mr. Steven Gene Davenport died unmarried and without issue.  At the time of his death, he was living at 421 Willowridge Dr., Apt. 30, Meridian, MS 39301.  While the heirs at law have yet to be fully determined, the known heirs at law are:

2.      Mr. Robert Gene Davenport, who resides at 3337 Lakeview Lane, Toomsuba, Mississippi 39364. He resided at that address at the time of the acts referenced herein.

3.      Mrs. Agnes Irene Westmoreland, who resides at 421 Willowridge Dr., Apt. 30, Meridian, Mississippi 39301. She resided at that address at the time of the acts referenced herein.

Respectfully submitted, this the 19th day of April, 2016.

BY: _____

J. Matthew Eichelberger

Prepared by:

J. Matthew Eichelberger (MSB 101060)
THE EICHELBERGER LAW FIRM, PLLC
775 N. Congress Street
Jackson, MS 39202
Phone: 601-292-7940
Facsimile: 601-510-9103
Email: matt@ike-law.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have mailed a true and correct copy of the above and foregoing to the following, by United States mail via certified delivery:

William D. "Billy" Sollie
Sheriff of Lauderdale County
2001 5th Street
Meridian, MS 39301

Carolyn Mooney
Chancery Clerk of Lauderdale County
500 Constitution Ave, 1st Floor
Meridian, MS 39301

This the 19th day of April, 2016.

J. MATTHEW EICHELBERGER

J. Matthew Eichelberger (MSB 101060)
THE EICHELBERGER LAW FIRM, PLLC
775 N. Congress Street
Jackson, MS 39202
Phone: 601-292-7940
Facsimile: 601-510-9103
Email: matt@ike-law.com



```
=========================================
              JACKSON
          401 E SOUTH ST
             JACKSON
                MS
            39201-9820
           2737830014
04/19/2016     (800)275-8777   5:46 PM
=========================================
=========================================
Product              Sale        Final
Description          Qty         Price
-----------------------------------------
First-Class           1         $0.68
Mail
Letter
    (Domestic)
    (MERIDIAN, MS  39301)
    (Weight:0 Lb 1.20 Oz)
    (Expected Delivery Day)
    (Friday 04/22/2016)
Certified             1         $3.30
    (USPS Certified Mail #)
    (70141200000022072716)
Return                1         $2.70
Receipt
    (USPS Return Receipt #)
    (9590940303965163543990)
First-Class           1         $0.68
Mail
Letter
    (Domestic)
    (MERIDIAN, MS  39301)
    (Weight:0 Lb 1.20 Oz)
    (Expected Delivery Day)
    (Friday 04/22/2016)
Certified             1         $3.30
    (USPS Certified Mail #)
    (70141200000022072709)
Return                1         $2.70
Receipt
    (USPS Return Receipt #)
    (9590940303965163543990)
-----------------------------------------
Total                           $13.36
-----------------------------------------
Credit Card Remitd              $13.36
    (Card Name:VISA)
    (Account #:XXXXXXXXXXXX1887)
    (Approval #:096291)
    (Transaction #:251)
```

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit USPS.com
USPS Tracking or call 1-800-222-1811.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Carolyn Mooney
Chancery Clerk of Lauderdale County
500 Constitution Ave
1st Floor
Meridian, MS 39301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X NCCO

☑ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Melinda Chatham    4-21-16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7014 1200 0000 2207 2716

PS Form 3811, July 2013    Domestic Return Receipt

UNITED STATES POSTAL SERVICE

~~JACKSON~~

MS 390

22 APR '16

PM 2 1



| | First-Class Mail |
|---|---|
| | Postage & Fees Paid |
| | USPS |
| | Permit No. G-10 |

• Sender: Please print your name, address, and ZIP+4® in this box•

The Eichelberger Law Firm
775 N. Congress Street
Jackson, MS 39202

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William D. "Billy" Sollie
Sheriff of Lauderdale County
2001 5th Street
Meridian, MS 39301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Kathy McDonald*   ☑ Agent   ☐ Addressee

B. Received by (Printed Name)   KATHY McDONALD

C. Date of Delivery   4-21-16

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article (Transfe   7014 1200 0000 2207 2709

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

MS 350

22 APR '16

PM 3 1

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Sender: Please print your name, address, and ZIP+4® in this box●

The Eichelberger Law Firm
775 N. Congress Street
Jackson, MS 39202



IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
STATE OF MISSISSIPPI

THE ESTATE OF STEVEN GENE DAVENPORT;               PLAINTIFFS
AGNES WESTMORELAND, individually and
on behalf of all entitled to recover;
ROBERT GENE DAVENPORT, individually
and on behalf of all entitled to recover

VS.                                    CIVIL ACTION NO. 16 CV 142 (c)

LAUDERDALE COUNTY, MISSISSIPPI;
AND JOHN DOES 1-10                                  DEFENDANTS

### SUMMONS

**THE STATE OF MISSISSIPPI**

TO:     Lauderdale County
        c/o Carolyn Mooney, Chancery Clerk
        500 Constitution Ave
        Meridian, Mississippi 39301

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

YOU ARE HEREBY SUMMONED and required to serve on Plaintiff's Attorney, J. Matthew

Eichelberger, Esq. of the Eichelberger Law Firm, P.L.L.C., whose address is 775 N. Congress St.,

Jackson, MS 39202, an answer to the Complaint which is being served on you with this summons, within

thirty (30) days after service of this summons on you, exclusive of the day of service.  If you fail to do so,

judgment by default will be taken against you for the relief demanded in the Complaint.  Any answer that

you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period

of time after service.

Issued under my hand and the seal of said Court, this the ___17___ day of _October_, 2016.

DONNA JILL JOHNSON, CIRCUIT CLERK
Lauderdale County, Mississippi

BY: _Vicki LeShane_____ D.C.

COPY atty toale

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
THE STATE OF MISSISSIPPI

THE ESTATE OF STEVEN GENE DAVENPORT;
AGNES WESTMORELAND, individually and
on behalf of all entitled to recover; ROBERT GENE
DAVENPORT, individually and on behalf of all entitled to recover          PLAINTIFFS

VS                                                          CIVIL ACTION NO.: 16-CV-142(C)

LAUDERDALE COUNTY, MISSISSIPPI;
AND JOHN DOES 1-10                                                        DEFENDANTS

---

### ENTRY OF APPEARANCE

---

Comes now undersigned counsel and enters his appearance of record for the Defendant,

Lauderdale County, Mississippi.

This the 17th day of November, 2016.

                                        LAUDERDALE COUNTY, MISSISSIPPI,
                                        Defendant

                                        BY: _____
                                             Lee Thaggard (MSB #9442)
                                             BARRY, THAGGARD, MAY & BAILEY, LLP
                                             Post Office Box 2009
                                             Meridian, MS 39302-2009
                                             (601) 693-2393
                                             thaggard@btmblaw.com

                                             Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served by first class mail, postage prepaid, and via electronic mail, a true and correct copy of the foregoing Instrument to:

J. Matthew Eichelberger
The Eichelberger Law Firm, PLLC
775 N. Congress Street
Jackson, MS 39202

Bobby Moak
Law Offices of Bobby Moak, P.C.
Post Office Box 2422
Bogue Chitto, MS 39269

This the 17th day of November, 2016.

Lee Thaggard (MSB #9442),
Attorney for the Defendant