IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE ESTATE OF STEVEN GENE DAVENPORT;
AGNES WESTMORELAND, individually and
on behalf of all entitled to recover; ROBERT GENE
DAVENPORT, individually and on behalf of all entitled to recover          PLAINTIFFS

VS                                    CIVIL ACTION NO.: 3:16CV00916-CWR-LRA

LAUDERDALE COUNTY, MISSISSIPPI;
AND JOHN DOES 1-10                                                        DEFENDANTS

### ANSWER AND DEFENSES OF DEFENDANT
### TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant Lauderdale County, through counsel, and files this its Answer
and Defenses to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief may be granted and
therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

At all times, the Defendant's actions were in good faith and in compliance with, and in
furtherance of, compelling state interests and proper law enforcement procedures; Defendant is,
therefore, immune from suit.

### THIRD DEFENSE

At most, Plaintiffs' claims are ones of simple negligence on the part of the Defendant
which do not give rise to a claim under 42 U.S.C. §§ 1983 or other federal law.

### FOURTH DEFENSE

At no time did the Defendant, or any of its employees, act with deliberate indifference to

any right guaranteed Plaintiffs, or their decedent, by the United States Constitution or any other state or federal law.

**FIFTH DEFENSE**

The Plaintiffs' claims are frivolous and should therefore be dismissed.

**SIXTH DEFENSE**

The Defendant may not be held vicariously liable for any alleged act or omission of any person under the circumstances in which Plaintiffs' allegations are based.

**SEVENTH DEFENSE**

To the extent that the Plaintiffs seek to assert state law claims in this case, the Defendant is entitled to all rights, immunities and privileges contained in the Mississippi Tort Claims Act which is found at § 11-46-1, et. seq. of the Mississippi Code, including, but not limited to, all exemptions from liability set forth in said Act, the notice of claim requirements set forth in said Act, the limitations on liability set forth in said Act, as well as the fact that the Plaintiff is not entitled to a jury trial pursuant to said Act.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations.

**NINTH DEFENSE**

Plaintiffs' claim for punitive damages against the Defendant are barred as a matter of state and federal law.

**TENTH DEFENSE**

The Defendant can not be held liable under the doctrine of respondeat superior.

## ELEVENTH DEFENSE

The Defendant now answers the allegations of Plaintiffs' Complaint, paragraph by paragraph, as follows:

Regarding the allegations contained in the first unnumbered paragraph on page 1 of the Complaint, the Defendant denies that Plaintiffs have any valid claim under the referenced state or federal law. Further, the Defendant affirmatively denies that it has deprived the Plaintiffs, or their decedent, of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States.

## PARTIES

1-3.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations in paragraphs 1-3 of the Complaint.  Further, the Defendant affirmatively denies that it has deprived the Plaintiffs, or their decedent, of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States.

4.      Admitted.

5.      Denied.

6.      The Plaintiffs' allegations in paragraph 6 appear to require no response; however, the Defendant denies the Plaintiffs' allegations to the extent that the Plaintiffs' seek to impose liability upon the Defendant based upon any allegations in paragraph 6.

## STATEMENT OF FACTS

7.      Denied.

8.      Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## JURISDICTION

13. The Defendant denies that Plaintiffs have any valid claim under either state or federal law; however, the Defendant agrees that this federal court has subject matter jurisdiction to hear this action.

## VENUE

14. The Defendant denies that Plaintiffs have any valid claim under either state or federal law; however, the Defendant does not question that this federal court is an appropriate venue for the Plaintiffs' claims.

## COUNT I

### FAILURE TO ADEQUATELY TRAIN & SUPERVISE LAW ENFORCEMENT OFFICERS-EXCESSIVE FORCE/USE OF WEAPONS

15. Defendant incorporates by reference its responses and defenses to Paragraphs 1 through 14 above in response to Paragraph 15 of Plaintiffs' Complaint.

16. Denied as phrased.

17. The allegations contained in paragraph 17 of Plaintiffs' Complaint are denied.

18. The allegations contained in paragraph 18 of Plaintiffs' Complaint are denied.

## COUNT II

## FAILURE TO ADEQUATELY TRAIN & SUPERVISE LAW ENFORCEMENT OFFICERS AND IMPLEMENT NONDISCRIMINATORY POLICIES AND PROCEDURES-AMERICANS WITH DISABILITIES ACT OF 1990

19.     Defendant incorporates by reference its responses and defenses to Paragraphs 1 through 18 above in response to Paragraph 19 of Plaintiffs' Complaint.

20.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations in paragraph 20 of the Complaint.

21.     The allegations contained in paragraph 21 of Plaintiffs' Complaint are denied as phrased.

22.     The allegations contained in paragraph 22 of Plaintiffs' Complaint are denied.

23.     The allegations contained in paragraph 23 of Plaintiffs' Complaint are denied.

24.     The allegations contained in paragraph 24 of Plaintiffs' Complaint are denied.

## COUNT III

### NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

25.     Defendant incorporates by reference its responses with defenses to Paragraphs 1 through 24 above in response to Paragraph 25 of Plaintiffs' Complaint.

26.     The allegations contained in paragraph 26 of Plaintiffs' Complaint are denied.

27.     The allegations contained in paragraph 27 of Plaintiffs' Complaint are denied.

## COUNT IV

### BATTERY

28.     Defendant incorporates by reference its responses and defenses to Paragraphs 1 through 27 above in response to Paragraph 28 of Plaintiffs' Complaint.

29.     The allegations contained in paragraph 29 of Plaintiffs' Complaint are denied.

30.     The allegations contained in paragraph 30 of Plaintiffs' Complaint are denied.

## COUNT V

### ASSAULT

31.     Defendant incorporates by reference its responses and defenses to Paragraphs 1 through 30 above in response to Paragraph 31 of Plaintiffs' Complaint.

32.     The allegations contained in paragraph 32 of Plaintiffs' Complaint are denied.

33.     The allegations contained in paragraph 33 of Plaintiffs' Complaint are denied.

## COUNT VI

### CIVIL CONSPIRACY

34.     Defendant incorporates by reference its responses with defenses to Paragraphs 1 through 33 above in response to Paragraph 34 of Plaintiffs' Complaint.

35.     The allegations contained in paragraph 35 of Plaintiffs' Complaint are denied.

36.     The allegations contained in paragraph 36 of Plaintiffs' Complaint are denied.

## COUNT VII

### THE COMMON LAW TORT OF OUTRAGE

37.     Defendant incorporates by reference its responses with defenses to Paragraphs 1 through 36 above in response to Paragraph 37 of Plaintiffs' Complaint.

38.     The allegations contained in paragraph 38 of Plaintiffs' Complaint are denied.

39.     The allegations contained in paragraph 39 of Plaintiffs' Complaint are denied.

## COUNT VIII

### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTION DISTRESS

40.     Defendant incorporates by reference its responses with defenses to Paragraphs 1

through 39 above in response to Paragraph 40 of Plaintiffs' Complaint.

41.    The allegations contained in paragraph 41 of Plaintiffs' Complaint are denied.

42.    The allegations contained in paragraph 42 of Plaintiffs' Complaint are denied.

## COUNT IX

### FALSE ARREST/ FALSE IMPRISONMENT

43.    Defendant incorporates by reference its responses with defenses to Paragraphs 1 through 42 above in response to Paragraph 43 of Plaintiffs' Complaint.

44.    The allegations contained in paragraph 44 of Plaintiffs' Complaint are denied.

45.    The allegations contained in paragraph 45 of Plaintiffs' Complaint are denied.

## COUNT X

### WRONGFUL DEATH

46.    The allegations contained in paragraph 46 of Plaintiffs' Complaint are denied.

47.    The allegations contained in paragraph 47 of Plaintiffs' Complaint are denied.

48.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations in paragraph 48 of the Complaint.

49.    The allegations contained in paragraph 49 of Plaintiffs' Complaint are denied.

50.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations in paragraph 50 of the Complaint.

51.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations in paragraph 51 of the Complaint.

## COUNT XI

### ACTION FOR DEPRIVATION OF CIVIL RIGHTS
### (42 U.S.C. SECTION 1983)

52.     Defendant incorporates by reference its responses with defenses to Paragraphs 1 through 51 above in response to Paragraph 52 of Plaintiffs' Complaint.

53.     The allegations contained in paragraph 53 of Plaintiffs' Complaint are denied.

54.     The allegations contained in paragraph 54 of Plaintiffs' Complaint are denied.

55.     The allegations contained in paragraph 55 of Plaintiffs' Complaint are denied.

56.     The allegations contained in paragraph 56 of Plaintiffs' Complaint are denied.

57.     The allegations contained in paragraph 57 of Plaintiffs' Complaint are denied.

58.     The allegations contained in paragraph 58 of Plaintiffs' Complaint are denied.

59.     The allegations contained in paragraph 59 of Plaintiffs' Complaint are denied.

## PRAYER FOR RELIEF

Regarding the Plaintiffs' allegations in the last unnumbered paragraph which follows paragraph 59 on page 15 of the Complaint, and which begins with "WHEREFORE, PREMISES CONSIDERED," the Defendant denies that the Plaintiffs are entitled to any relief whatsoever including, but not limited to, that requested in their Complaint including subparagraphs (a) through (l).  Further, the Defendant affirmatively denies that it has deprived the Plaintiffs of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States.  Further, the Defendant denies that the Plaintiffs are entitled to any relief whatsoever including, but not limited to, that requested in its Complaint.

## TWELFTH DEFENSE

Lauderdale County is entitled to and does hereby claims immunity from suit or claims under the circumstances of this case.

## THIRTEENTH DEFENSE

This Defendant possesses absolute immunity and/or sovereign immunity and/or judicial or quasi-judicial immunity herein from suit and/or liability and/or damages.

**FOURTEENTH DEFENSE**

It is denied that Plaintiffs were deprived of any right or privilege guaranteed to them under the Constitution and laws of the United States, including but not limited to the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. §§ 1983, the Americans with Disabilities Act, or under the Constitution and laws of the State of Mississippi, as a result of any act of any defendant. Therefore, each and every allegation of the Complaint to the contrary is denied.

**FIFTEENTH DEFENSE**

In the alternative, the force, if any, used by any officer was reasonable and proper under the circumstances of this case and under the standards of the Constitution of the United States, to include the Fourth Amendment, as well as the Constitution and laws of the State of Mississippi.

**SIXTEENTH DEFENSE**

In the alternative, the actions of the officers identified in Plaintiffs' Complaint were reasonable and justified under the circumstances.

**SEVENTEENTH DEFENSE**

The Complaint fails to state facts against Defendant which amount to violations of the Constitution or laws of the United States or the State of Mississippi.

**EIGHTEENTH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the

Mississippi Constitution because the standards of liability for punitive damages in Mississippi are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because the Mississippi standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## TWENTIETH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because Mississippi's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

## TWENTY-FIRST DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendant subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-SECOND DEFENSE

The imposition of joint and several liability for punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

## TWENTY-THIRD DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## TWENTY-FOURTH DEFENSE

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

## TWENTY-FIFTH DEFENSE

The imposition of punitive damages in this case based upon evidence of Defendants wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Section 14 of the Mississippi Constitution.

## TWENTY-SIXTH DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the Plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

## TWENTY-SEVENTH DEFENSE

To the extent it seeks punitive damages, the Complaint violates Sections Sixteen and Seventeen of the Mississippi Constitution.

## TWENTY-EIGHTH DEFENSE

The Complaint should be dismissed for insufficiency of process and insufficiency of service of process pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

## TWENTY-NINTH DEFENSE

This Defendant did not breach any duty owed to the Plaintiffs, nor did it violate any right or privilege of the Plaintiffs, and therefore, is not liable in damages.

## THIRTIETH DEFENSE

This Defendant committed no act or omission which caused any injury, damage, or deprivation to the Plaintiffs and therefore is not liable in damages.

## THIRTY-FIRST DEFENSE

As a matter of law, the Plaintiff is not entitled to any relief from this Defendant.

## THIRTY-SECOND DEFENSE

At all times, the Plaintiff has been provided care, custody and security which was, at a minimum, adequate under the standards of the United States Constitution, to include but not limited to the Fourth and Fourteenth Amendments, as well as the Constitution and Laws of the State of Mississippi.

## THIRTY-THIRD DEFENSE

In the alternative, this Defendant is entitled to, and plead, the defense of good faith immunity.

## THIRTY-FOURTH DEFENSE

Plaintiffs failed to provide adequate and proper notice pursuant to Miss. Cod Ann. § 11-46-1 *et seq*. Therefore, Plaintiffs' state claims against the Defendant are barred.

### THIRTY-FIFTH DEFENSE

Alternatively, Plaintiffs and their decedent failed to mitigate their alleged injuries, and their alleged injuries and damages, respectively, if any, would not have occurred, or have been as severe, had they mitigated such alleged damages.  This Defendant affirmatively pleads that, to the extent Plaintiffs and their decedent failed to mitigate their damages, they are barred from recovery.

### THIRTY-SIXTH DEFENSE

Alternatively, the actions of others over whom this Defendant has no control and for whose acts and omissions this Defendant is not responsible, combined to constitute the sole proximate cause or a contributing cause of the incident referred to the Complaint, which is denied, and any alleged injuries suffered by Plaintiffs and their decedent.

### THIRTY-SEVENTH DEFENSE

Alternatively, the incident(s) in question and any alleged injuries resulted from the acts or omissions of persons or entities other than this Defendant for which this Defendant is in no way responsible or liable.  Alternatively, said acts or omissions of persons or entities other than this Defendant constitutes an independent, superseding cause for which this Defendant is in no way responsible or liable.

### THIRTY-EIGHTH DEFENSE

The Defendant invokes the provisions of § 85-5-7 of the Mississippi Code and asserts all defenses, rights, privileges, and immunities to which it is entitled thereunder.

### THIRTY-NINTH DEFENSE

In the alternative, this Defendant affirmatively asserts that the Plaintiffs' claims are

barred in whole or in part by contributory negligence and/or comparative fault.

## FORTIETH DEFENSE

At all times, this Defendant acted reasonably and in good faith reliance upon then existing law and are therefore entitled to qualified and/or absolute and/or judicial or quasi-judicial immunity for any and all state and federal law claims alleged herein.

## FORTY-FIRST DEFENSE

These Defendant is immune from liability as to each and every alleged state law claim, if any, pursuant to exemptions set forth in MISS. CODE ANN. § 11-46-9, as amended, including but not limited § 11-46-9(1)(a),(b)(c),(d),(e) of the Mississippi Code.

## FORTY-SECOND DEFENSE

Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, as codified, and accordingly, this action must be dismissed.

## FORTY-THIRD DEFENSE

This Defendant complied with all applicable standards of care.

## FORTY-FOURTH DEFENSE

Plaintiff is guilty of comparative fault and Plaintiff's recovery must be limited accordingly.

## FORTY-FIFTH DEFENSE

This Defendant invokes and asserts all protections, defenses and limitations and caps set forth in the Mississippi Civil Justice Reform Act and Mississippi Tort Reform Act, as codified in the Mississippi Code.

## FORTY-SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, the one year statute of limitations pursuant to MISS. CODE ANN. § 15-1-35, entitled "Actions for Certain Torts."

## FORTY-SEVENTH DEFENSE

Defendant acted at all times reasonably and did not violate any protected right of Plaintiff.

## FORTY-EIGHTH DEFENSE

Plaintiffs are barred from recovering from Defendant, to the extent the facts reveal that Plaintiffs' decedent was engaged in illegal activity at the time of the incident.

## FORTY-NINTH DEFENSE

Defendant specifically denies the use of excessive force against Plaintiff.

## FIFTIETH DEFENSE

Defendant reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to it which may become applicable through discovery and during the trial of this cause.

## FIFTY-FIRST DEFENSE

The Defendant invokes the procedural and substantive aspects of § 11-1-65 of the Mississippi Code.

## FIFTY-SECOND DEFENSE

The Plaintiffs' claims, or some of them, are barred by the intra-corporate conspiracy doctrine.

## FIFTY-THIRD DEFENSE

The facts not having been fully developed, the Defendant affirmatively pleads the following affirmative defenses as may be applicable in this action: Accord and satisfaction, arbitration and award, agreement to submit to binding arbitration, assumption of risk, contributory negligence, statute of limitations, prescription, discharge in bankruptcy, duress, estoppel, failure of consideration, laches, license, payment, release, injury by fellow servant, res judicata, collateral estoppel, failure to mitigate injuries and/or damages, statute of frauds, waiver, improper venue, lack of subject matter jurisdiction, inadequate notice or any other matter constituting an avoidance, limitation or affirmative defense under the laws of any state.

Now, having fully answered the allegations of the Plaintiff's Complaint and having set forth its defenses thereto, the Defendant moves this Court to dismiss the Plaintiffs' Complaint with prejudice at Plaintiff's cost. The Defendant also requests an award of its attorneys fees and expenses pursuant to 42 U.S.C. § 1988.

This the 22nd day of December, 2016.

LAUDERDALE COUNTY, MISSISSIPPI,
Defendant

BY:  */s/ Lee Thaggard*
LEE THAGGARD (MSB #9442)
BARRY, THAGGARD, MAY & BAILEY, LLP
Post Office Box 2009
Meridian, MS 39302-2009
(601) 693-2393
Email: thaggard@btmblaw.com

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> J. Matthew Eichelberger
> The Eichelberger Law Firm, PLLC
> 775 N. Congress Street
> Jackson, MS 39202
>
> Bobby Moak
> Law Offices of Bobby Moak, P.C.
> Post Office Box 2422
> Bogue Chitto, MS 39269

and I hereby certify that on this date, I served by first class mail, postage prepaid, a true and correct copy of the foregoing document to the following non-ECF participant:

> None

THIS the 22nd day of December, 2016.

> */s/ Lee Thaggard*
> Lee Thaggard